UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NEW WORLD ORDER HEALTH AND WELLBEING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:25-cv-00209-JPH-MG ) |
| EPA - TRUMP ADMIN, US - GOVERMENT, | ) ) ) ) |
| Defendants. | ) |

## ORDER

### I. Notice to provide contact information

Every plaintiff has a duty to provide and update their address. The Court must be able to locate and communicate with the plaintiff. The plaintiff shall report any change of address within thirty (30) days of any change while this action remains pending. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal.

Plaintiff Pat Tarwater Jr.[1] did not provide any address when he filed his complaint. *See* dkt. 1. He shall have **through May 23, 2025** to provide the Court with an address where he can be reached. If he does not do so, this case will be dismissed without further warning.

---

[1] The complaint lists the plaintiff as New World Order Health and Wellbeing, but Mr. Tarwater also refers to himself as the plaintiff. To avoid confusion, the Court refers solely to Mr. Tarwater as the plaintiff.

1

## II. Filing fee

Mr. Tarwater has filed his complaint without paying the $405 filing fee or demonstrating that he lacks the financial ability to do so. Mr. Tarwater **SHALL** either pay the $405 filing fee or seek leave to proceed *in forma pauperis* **by May 23, 2025**.

## III. Screening

### A. Screening standard

The Court has the inherent authority to screen Mr. Tarwater's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Tarwater states that he works as a contractor for the State of Indiana, and in that capacity recently investigated a superfund site in Terre Haute, Indiana. Dkt. 1 at 2. His investigation showed water contamination and issues with hazardous waste, damaging the ecosystem and potentially putting citizens who live or attend school nearby at risk. *Id.*

### C. Discussion of claims

Article III of the Constitution requires a plaintiff to have standing to bring a claim in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff "must have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). These elements are "an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561.

Mr. Tarwater appears to bring a claim under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), commonly referred to as the Superfund Act. This Act provides broad federal authority over regulating and responding to hazardous waste sites. *See* 42 U.S.C. § 9601 *et seq*. Subject to the timing restriction in section 113(h), Section 9659 permits "any person [to] commence a civil action on his own behalf" against "any person . . . who is alleged to be in violation of any standard, regulation, condition, requirement, or order" or "against the

3

President or any other officer of the United States . . . where there is alleged a failure of the President or of such other officer to perform any act or duty under" CERCLA. *Id.* at §§ 9659(a), 9613(h); *North Shore Gas Co. v. E.P.A.*, 930 F.2d 1239, 1242 (7th Cir. 1993); *Frey v. E.P.A.*, 751 F.3d 461, 466 (7th Cir. 2014). A plaintiff must also satisfy the requirements of Article III standing to bring such a suit. *See Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320, 1322 (7th Cir. 1992).

    Here, Mr. Tarwater has not alleged any injury or threat of injury relating to any contamination occurring at the Terre Haute Superfund site. He states that citizens live nearby and there is a school close to the site, but not that he himself is among those injured by the contamination. *See Lujan*, 504 U.S. at 563. Nor does he allege anything to suggest that New World Order Health & Wellbeing has standing. *See Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) ("It is clear that an organization whose members are injured may represent those members in a proceeding for judicial review."); *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1008 (7th Cir. 2021) ("Associational standing allows an organization to sue on behalf of its members 'even without a showing of injury to the association itself.'"). Without injury, Mr. Tarwater would lack standing, and this Court would lack jurisdiction over his claim.

    Therefore, Mr. Tarwater **SHALL HAVE through May 23, 2025** to **SHOW CAUSE** as to why he has standing to proceed with this action. Failure to

respond by May 23, 2025, may result in dismissal of this case without further warning or opportunity to show cause.

### IV. Conclusion

Mr. Tarwater **SHALL** provide the Court with his mailing address by **May 23, 2025**.

Mr. Tarwater **SHALL** either pay the filing fee or file a motion to proceed *in forma pauperis* by **May 23, 2025.**

Mr. Tarwater **SHALL SHOW CAUSE by May 23, 2025** if he has standing to proceed with this action.

The **clerk is directed** to send a form *in forma pauperis* motion with Mr. Tarwater's copy of the order.

**SO ORDERED.**

Date: 5/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

Pat Tarwater Jr.
[no current address available; copy available upon request]